IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES C. WINDING                                                                            PLAINTIFF

VS.                                                                 CIVIL ACTION NO. 4:11cv146-FKB

QUINCEY DUKES, et al.                                                        DEFENDANTS

MEMORANDUM & OPINION

James C. Winding is a state prisoner incarcerated at East Mississippi Correctional Facility (EMCF). He brought this action pursuant to § 1983 raising claims of failure to protect and denial of medical care. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.

Plaintiff alleges in his complaint, as amended, that prison officials failed to protect him from an assault by another inmate on August 25, 2011, and then denied him medical attention for his injuries. Additionally, he claims that officials failed to protect him from being threatened with a knife by inmate Anthony Winder.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison administrative remedies before bringing an action with respect to prison conditions. 42 U.S.C. § 1997(e). The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). In his testimony at the *Spears* hearing, Plaintiff admitted that he has failed to complete the Administrative Remedies Program (ARP) process for any of the claims asserted in this action He stated that although he has filed ARP grievances concerning these events, those grievances are still in "backlog" because of the number of prior grievances filed by him which remain pending.

episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Dismissal is appropriate where an inmate has failed to meet the exhaustion requirement.

In his testimony at the *Spears* hearing, Plaintiff admitted that he has failed to complete the prison's Administrative Remedies Program (ARP) process for any of the claims asserted in this action  He stated that although he has filed ARP grievances concerning these events, those grievances are still in "backlog" because of the number of prior grievances filed by him which remain pending. For this reason, the Court concludes that dismissal is appropriate so that Plaintiff may be pursue his administrative remedies. *See Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003).

A separate judgment will be entered.

SO ORDERED this the 5th day of June, 2012.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE